## LEMP *v.* MUDGE.

PATENTS; INTERFERENCE; ABANDONED EXPERIMENT.

1. Where, in an interference case, it appears that one of the parties, prior to the date of conception by his adversary, constructed a device of the nature of the issue, but threw it in the scrap heap, and after-

wards made a larger device of the same kind, which he also discarded; and that, although there was great demand for some such device, he did nothing to utilize his alleged conception; and that only upon reading the patent issued to his adversary did he recall having made some such device some years before; and thereupon, 10 months after the issue of his rival's patent, he filed his application,—his contrivance will be regarded as merely an unsuccessful, abandoned experiment.

2. A junior party to an interference, having to overcome a patent in the hands of his adversary, is required to establish his case by proof which admits of no reasonable doubt. (Following *Kelly* v. *Fynn*, 16 App. D. C. 573; *Dashiell* v. *Tasker*, 21 App. D. C. 64.)

No. 266. Patent Appeals. Submitted November 15, 1904. Decided December 6, 1904.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.                        *Affirmed.*

The facts are sufficiently stated in the opinion.

*Messrs. Lyons & Bissing* for the appellant.

*Messrs. Emery, Booth, & Powell* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents in an interference case, wherein the subject of controversy is an improvement in motor carriages propelled by steam. The invention is described in the following three issues formulated in the Patent Office:

"1. The combination with a carriage of a steam boiler carried thereby and having a burner for heating it, and a flue for disposing of the combustion from the burner, said flue having substantially horizontal divergent branches, which are provided with outlets to the atmosphere, and are arranged on either side of that portion of the flue which connects with the flues or heating passages of the boiler, said branches together forming a through passage for disposing of atmospheric currents which might otherwise reverse the normal draft of the burner.

"2. The combination with a carriage body, of a steam boiler carried thereby and having a burner for heating it, and a flue for disposing of the products of combustion from the burner, said flue having substantially horizontal divergent branches extending transversely of the carriage body and terminating in outlets to the atmosphere which coincides substantially with the planes of the side walls of the carriage body, said branches being arranged on either side of that portion of the flue which connects with the flues or heating passages of the boiler, and together forming a through passage for disposing of atmospheric currents which might otherwise reverse the normal draft of the burner.

"3. The combination with a carriage, of a steam boiler carried thereby and having a burner for heating it, and a substantially horizontal flue at the top of the boiler for disposing of the products of combustion from the burner, said flue having a middle or enlarged part immediately covering the boiler and a transverse part disposed to the rear of said middle or enlarged part and consisting of divergent branches having outlets to the atmosphere, and together forming a through passage for disposing of atmospheric currents which might otherwise reverse the normal draft of the burner."

The invention, as is apparent, consists in the mode of construction of the smoke outlet of steam carriages, and is practically no more than the application to steam carriages of a cowl or chimney top, so as to give the chimney the shape of the letter T.

The appellee Mudge has a patent for the invention issued to him on September 18, 1900, upon an application filed April 30, 1900. Lemp did not file his application until July 27, 1901, more than ten months after the issue of the patent to Mudge. In his preliminary statement Lemp claims conception of the invention on or about April 17, 1899; a reduction to practice of the invention described in counts 1 and 3 of the issue about April 19, 1899; and a reduction to practice of the invention of count 2 of the issue on or about August 30, 1899. In Mudge's preliminary statement the allegation was of conception and disclosure of the invention about September 1, 1899, and of its reduction to practice about February 1, 1900.

The Examiner of Interferences, upon the testimony adduced in the case, held in favor of Mudge, the patentee, here the appellee.   The Board of Examiners-in-Chief held in favor of Lemp; but the Commissioner of Patents reversed the decision of the Board of Examiners, and awarded judgment of priority of invention to the patentee, Mudge.   From his decision the case comes to us on appeal.

Notwithstanding the favorable decision thereon of the Board of Examiners-in-Chief in the Patent Office, we must regard the claim of the appellant as wholly without merit.   To our minds his is as clear a case of an unsuccessful and abandoned experiment as could well be conceived.   It appears from his testimony that in April of 1899 he did make some kind of cap for his flue of the nature of the invention here in issue, but that it was discarded and relegated to the scrap heap after a few trials within a month and a half after it was put on, and that it was never again used; that in August or September of 1899 he constructed and used a longer cap or cowl, but that this also was very soon discarded and relegated to the scrap heap, and never again used; that it does not appear that either one of these devices was ever successfully operated; and that nothing whatever was. done to utilize either until his application was prepared and filed in this case 10 months after the issue of the patent to Mudge.   Only upon reading this patent did he recall the fact that he thought he had the same device some years before.   This is not an unusual idea under such circumstances.   But claims of this character, advanced under such circumstances, must be proved by testimony of the clearest and most satisfactory character before they can be accepted.

The appellant here, being the junior applicant and having to overcome a patent in the hands of his adversary, is required to establish his case by proofs which admit of no reasonable doubt. *Kelly* v. *Fynn,* 16 App. D. C. 573; *Dashiell* v. *Tasker,* 21 App. D. C. 64.   Instead of so establishing his case, he has failed even in showing that he ever had the invention in issue.   He certainly never reduced it to practice; and his total abandonment of it, notwithstanding that there was constant and incessant need for

some such device, is proof positive to our minds that his contrivance was no more than it plainly appears from his own testimony to have been,—an unsuccessful and abandoned experiment.

It is unnecessary to go further into the case. The Commissioner's opinion, as we find it in the record, is full and conclusive; and we would add nothing to it. We think that the appellee, Mudge, is entitled to judgment of priority of invention; and the Commissioner's decision to that effect is therefore affirmed.

The clerk of the court will certify this opinion and the proceedings of the court in the premises to the Commissioner of Patents according to law.                    *Affirmed.*